UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Hazelden Betty Ford Foundation, | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Freedom Healthcare of America, LLC, d/b/a Addiction Campuses; Addiction Enders; and Fraser Cooke, | **(Jury Trial Demanded)** |
| Defendants. | |

_____

Plaintiff Hazelden Betty Ford Foundation ("Plaintiff" or "Hazelden"), for its Complaint against Freedom Healthcare of America, LLC d/b/a Addiction Campuses; Addiction Enders; and Fraser Cooke ("Defendants"), states and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action to stop Defendants' infringing, misleading, and deceptive statements and practices that exploit vulnerable Minnesotans seeking Plaintiff's treatment programs through Defendants' websites, www.drugrehab.org and www.drug-rehab-headquarters.com.

2.      This is an action for federal trademark infringement, unfair competition, and false advertising arising under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a); for false advertising and deceptive trade practices under Minnesota Statutes 325F.67, 325F.68-.70, 325D.45, and 8.31, subd. 3a; and for trademark infringement under Minnesota common law.

3.     Plaintiff seeks an injunction prohibiting Defendants from continuing their unlawful conduct as alleged below. Plaintiff also seeks an award of damages caused by Defendants' conduct, in addition to Plaintiff's costs and attorney's fees.

## THE PARTIES

## I.     PLAINTIFF.

4.     Plaintiff Hazelden Betty Ford Foundation is a nonprofit corporation organized under the laws of Minnesota.

5.     Plaintiff is the nation's largest nonprofit substance use disorder treatment provider, with 17 treatment center locations in Minnesota, California, Oregon, Illinois, New York, Florida, Massachusetts, Colorado, and Texas.

6.     Plaintiff's principal office address and headquarters is the flagship Center City treatment center founded in 1949, located at 15251 Pleasant Valley Road, Center City,  MN 55012.

## II.    DEFENDANT FREEDOM HEALTHCARE OF AMERICA, LLC (DRUGREHAB.ORG).

7.     Upon information and belief, Defendant Freedom Healthcare of America, LLC ("FHA") is a limited liability company organized under the laws of Delaware, with a principal office address of 205 Reidhurst Ave, Nashville, TN 37203.

8.     Upon information and belief, Defendant FHA does business under the name Addiction Campuses.

9.     Upon information and belief, Defendant FHA owns and operates the website www.addictioncampuses.com.

10.     Attached as **Exhibit A** is a true and correct printout of the webpage www.addictioncampuses.com, dated June 19, 2018.

11.     Upon information and belief, Defendant FHA owns and operates the website www.drugrehab.org.

12.     Attached as **Exhibit B** is a true and correct printout of the webpage www.drugrehab.org, dated June 19, 2018.

13.     Upon information and belief, Defendant FHA is the Registrant Organization for the domain drugrehab.org according to a WHOIS domain search.

14.     Attached as **Exhibit C** is a true and correct printout of a WHOIS domain search for drugrehab.org, printed on June 18, 2018.

15.     Upon information and belief, Defendant FHA owns, operates, controls, supervises and/or administers the domain drugrehab.org.

16.     Upon information and belief, Defendant FHA owns, operates, controls, supervises and/or administers the content of the webpages at drugrehab.org, including but not limited to www.drugrehab.org/minnesota/minneapolis-minnesota-alcohol-and-drug-rehab-centers/hazelden-betty-ford-foundation-ct; and www.drugrehab.org/the-best-drug-rehabs/10-best-drug-rehab-centers-in-minnesota.

17.     Attached as **Exhibit D** are true and correct printouts and screenshots of the webpage www.drugrehab.org/minnesota/minneapolis-minnesota-alcohol-and-drug-rehab-centers/hazelden-betty-ford-foundation-ct, dated June 18, 2018.

18. Attached as **Exhibit E** are true and correct printouts and screenshots of the webpage www.drugrehab.org/the-best-drug-rehabs/10-best-drug-rehab-centers-in-minnesota, dated June 18, 2018.

19. Attached as **Exhibit F** is a true and correct screenshot from a mobile device of the webpage www.drugrehab.org/the-best-drug-rehabs/10-best-drug-rehab-centers-in-minnesota, captured on or around April 28, 2018.

20. Upon information and belief, Defendant FHA owns, operates, controls, supervises and/or administers the phone numbers displayed on the webpages at drugrehab.org, and employs or contracts with the persons who receive calls at such numbers.

## III. DEFENDANTS ADDICTION ENDERS AND FRASER COOKE (DRUG-REHAB-HEADQUARTERS.COM).

21. Upon information and belief, Defendant Fraser Cooke ("Cooke") is a person residing in Ontario, Canada.

22. Upon information and belief, Defendant Addiction Enders is a sole proprietorship registered in Ontario, Canada, with a registered address of 2249 Jack Crescent, Innisfil, Ontario L9S 2C7, Canada.

23. Attached as **Exhibit G** is a true and correct copy of a Business Names Report for Defendant Addiction Enders, electronically produced on June 18, 2018 by the website of the Ministry of Government Services, Province of Ontario.

24. Upon information and belief, Defendant Cooke is registered as the Sole Proprietor of Defendant Addiction Enders.

25.     Upon information and belief, Defendant Addiction Enders is a drug addiction treatment center operating in Ontario, Canada.

26.     Upon information and belief, Defendant Cooke is the owner of Defendant Addiction Enders.

27.     Upon information and belief, at least between the years 2008 and 2016, Defendant Cooke was listed in WHOIS domain records as the registrant, administrator, and/or contact person for the domain drug-rehab-headquarters.com.

28.     Attached as **Exhibit H** are true and correct copies of historical WHOIS domain records for the domain drug-rehab-headquarters.com between the years of 2008 and 2016.

29.     Attached as **Exhibit I** is a true and correct copy of a current printout of a WHOIS domain search, dated June 18, 2018, for the domain drug-rehab-headquarters.com.

30.     Upon information and belief, from August 2016 to the present, the WHOIS records for domain drug-rehab-headquarters.com have shown "Registration Private" and Registrant Organization  "Domains by Proxy, LLC," which is a company that provides domain privacy services to hide domain registrant information from public view.

31.     Upon information and belief, Defendant Cooke, and/or his sole proprietorship, Defendant Addiction Enders, own, operate, control, supervise and/or administer the domain drug-rehab-headquarters.com.

32.     Upon information and belief, Defendant Cooke, and/or his sole proprietorship, Defendant Addiction Enders, own, operate, control, supervise and/or

administer the content of the webpages hosted on the domain drug-rehab-headquarters.com, including but not limited to the webpage www.drug-rehab-headquarters.com/minnesota/facility/hazelden-betty-ford-foundation-saint-paul.

33.     Attached as **Exhibit J** is a true and correct copy of a printout of the webpage www.drug-rehab-headquarters.com, dated June 19, 2018.

34.     Attached as **Exhibit K** is a true and correct copy of a printout of the webpage     www.drug-rehab-headquarters.com/minnesota/facility/hazelden-betty-ford-foundation-saint-paul, dated June 19, 2018.

35.     Upon information and belief, Defendant Cooke, and/or his sole proprietorship, Defendant Addiction Enders, own, operate, control, supervise and/or administer the "helpline" and "toll free assessment" phone number 866-720-3784, shown on the webpages hosted at drug-rehab-headquarters.com.

**JURISDICTION AND VENUE**

36.     This Court has subject matter jurisdiction because Plaintiff's federal claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Court has supplemental jurisdiction over Plaintiff's related state-law claims, according to 15 U.S.C. §§ 1120 and 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

37.     The exercise of personal jurisdiction over Defendants is proper under the Due Process Clause of the U.S. Constitution and Minn. Stat. § 549.19.  Plaintiff's claims arise out of the wrongful conduct by Defendants alleged below that, on information and belief, is directed towards consumers in Minnesota, and because Defendants have established sufficient minimum contacts with Minnesota.

38.     Defendants' interactive websites, which are accessible by consumers in Minnesota, actively and intentionally target Minnesota consumers by misleadingly highlighting Minnesota-located treatment programs, including Hazelden, with webpages that include electronic contact forms and prominently placed phone numbers for "admission" or "assessment" phone calls.

39.     On information and belief, Minnesota consumers, including prospective patients of substance use disorder treatment centers, access and interact with Defendants' websites and communicate with Defendants via their websites, including through the contact forms and/or phone numbers prominently displayed on their websites.

40.     On information and belief, Defendants communicate with Minnesota consumers, including through the display of their websites accessible in Minnesota, through the above-referenced contact forms, and/or via phone calls made through the phone numbers prominently advertised on Defendants' websites that target Minnesota-located treatment programs, including Hazelden.

41.     Alternatively and additionally, with respect to foreign Defendants Cooke and Addiction Enders, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2) based on Defendants' wrongful conduct alleged below, which on information and belief, is occurring throughout the United States and which Defendants have targeted at U.S. residents generally for commercial gain.

42.     Venue is proper in the District of Minnesota with respect to Defendant FHA pursuant to 28 U.S.C. § 1391(b)(2) and/or (3), because on information and belief, a substantial part of the events giving rise to Plaintiff's claims, including Defendant FHA's

wrongful conduct alleged below, has occurred in this District, or alternatively, because Defendant FHA is subject to this Court's personal jurisdiction.

43.    Venue is proper in the District of Minnesota with respect to Defendants Cooke and Addiction Enders pursuant to 28 U.S.C. § 1391(c)(3) because they are not residents in the United States and therefore may be sued in any judicial district.

## FACTUAL ALLEGATIONS

## I.    DRUG ADDICTION IS A PUBLIC HEALTH EMERGENCY.

44.    Opioid drug addiction is an urgent public-health crisis, not only in Minnesota, but throughout the United States.

45.    Drug overdose is the leading cause of death for Americans under age 50, according to data reported by the *New York Times* last year.

46.    Prescription opioid painkillers have been linked to more than 200,000 deaths of Americans between 1999 and 2016, according to the Centers for Disease Control and Prevention (CDC).

47.    According to the CDC, 115 people die each day in the U.S. on average—or one person every 12 minutes—from opioid overdoses.  And the death rate continues to increase annually.  In 2016 alone, drug overdoses killed 63,632 Americans.

48.    At least six states in the U.S. have declared some form of public health emergency in light of the national opioid addiction crisis.

49.    In response to this public-health emergency, there is an urgent public interest in substance use disorder treatment programs, including public awareness of and

accessibility to such programs, as well as distribution of accurate information regarding admission to appropriate, convenient, and high quality program locations.

50.     For the same reasons, there is a critical public interest in preventing infringing, misleading, deceptive, false, and/or fraudulent activity and statements directed to vulnerable consumers—particularly those suffering from life-threatening substance use disorders—regarding how to contact and become admitted or referred to conveniently located treatment programs in Minnesota or in other states.

## II.   PLAINTIFF'S SUBSTANCE USE DISORDER TREATMENT PROGRAM.

51.     Hazelden was founded in 1949 in Minnesota.

52.     Since 1949, Hazelden has grown into one of the world's largest and most respected private non-profit substance use disorder treatment providers.

53.     In 2014, Hazelden adopted the name "Hazelden Betty Ford Foundation" when it merged with the Betty Ford Center, another leading substance use disorder treatment provider, founded in 1982 by First Lady Betty Ford, making Plaintiff the largest non-profit substance use disorder treatment provider in the United States.

54.     Plaintiff offers a variety of evidence-based chemical dependency treatment programs and services, including but not limited to inpatient and outpatient care options, recovery housing and recovery management, post-treatment support, family education and guidance, rehabilitation services, medical services, research services, educational and informational services, treatment advice, admission and referral to treatment centers, and literature and self-help materials.

55.    Plaintiff's treatment programs are highly successful. Over 88% of patients are alcohol-free one month after rehab; and 85% to 95% of patients are abstinent from drugs nine months after rehab.  Within a year after rehab, over 80% of Plaintiff's adult patients either remain continuously abstinent or dramatically reduce their substance use.

56.    Plaintiff is the owner of several federal trademark and service mark registrations, including but not limited to U.S. Registration No. 3497294 for the stylized mark HAZELDEN® for numerous goods and services, including chemical dependency and addiction treatment, rehabilitation, and medical services; research services; educational services; and literature and self-help materials.

57.    Attached as **Exhibit L** is a true and correct copy of the Certificate of Registration issued by the United States Patent and Trademark Office ("USPTO") for Plaintiff's Registration No. 3497294, along with a printout of the USPTO's electronic status webpage for the same registration.

## III.   DEFENDANTS' WEBSITES DECEIVE VULNERABLE MINNESOTA CONSUMERS ABOUT PLAINTIFF'S TREATMENT PROGRAM WITH A BAIT-AND-SWITCH SCHEME, DIVERTING SUCH CONSUMERS TO DEFENDANTS' PROGRAMS.

### A.   CONSUMER DECEPTION BY ADDICTION TREATMENT CENTER "DIRECTORY" WEBSITES OR "CALL AGGREGATORS" IS A GROWING NATIONAL PROBLEM.

58.    On May 29, 2018, the U.S. House Committee on Energy and Commerce ("E&C Committee") sent eight letters to "call aggregators" for addiction treatment centers, regarding concerns about fraudulent and deceptive practices, in which vulnerable people seeking treatment are exploited by untrained patient brokers via phone hotlines.

59.     According to the E&C Committee, these brokers profit by misleadingly referring patients only to treatment centers who pay for referrals, or even to facilities owned by the company operating the hotline, rather than determining what is clinically appropriate for the patient.

60.     Attached as **Exhibit M** are true and correct copies of one of the letters sent by the E&C Committee on May 29, 2018, and a printout from a related webpage dated May 30, 2018, at www.energycommerce.house.gov, which summarizes the same letters.

**B.     DRUGREHAB.ORG**

61.     Defendant FHA's website, www.drugrehab.org, purports to provide admission, referrals, and information for drug addiction treatment centers, including free phone calls with so-called "treatment specialists," "addiction counselors," and "admissions representatives," to help prospective patients "find the right care" with information about "acclaimed rehab centers," including by prominently inviting website visitors to call various phone numbers. *See* **Exhibits B, D-F**.

62.     On Defendant FHA's webpage in **Exhibit D** (excerpt reproduced below), Plaintiff's name "Hazelden Betty Ford Foundation" is displayed in large font at the top, immediately beneath the bolded text, "Call:800-319-5178." On the top right corner of the same webpage, another phone number appears, "1-866-485-1856."



63.     On Defendant FHA's webpage shown in **Exhibit E**, the term "Hazelden" is displayed, at the top of a list of "Drug Rehab Centers in Minnesota," immediately next to an invitation to talk to a "treatment specialist" at the phone number "(800) 506-5834." On the top right corner, the phone number "1-866-485-1856" also appears.

64.     On Defendant FHA's webpage shown in **Exhibit F** (reproduced below), the term "Hazelden" is displayed in large font at the top of the screen, immediately above the text, "Call: (844) 691-6964," and immediately below the text, "Call: (866) 485-1916," followed by a further invitation at the bottom of the screen to "Talk with a Treatment Specialist" at "(866) 485-1981."



65.     The phone numbers and invitations for a phone call, displayed at www.drugrehab.org, including 800-319-5178, 800-506-5834, 866-485-1856, 844-691-6964, 866-485-1916, and 866-485-1981, do not connect with Plaintiff, nor are such phone numbers affiliated in any way whatsoever with Plaintiff.

66.     Instead, on information and belief, Defendant FHA owns, operates, controls, supervises and/or administers the phone numbers displayed at www.drugrehab.org as shown in **Exhibits B, D-F**, including but not limited to 800-319-5178, 800-506-5834, 866-485-1856, 844-691-6964, 866-485-1916, and 866-485-1981, and employs or contracts with the persons who receive the calls at such numbers.

67.     Plaintiff is not aware of any referrals that Plaintiff has ever received from Defendant FHA or from the website www.drugrehab.org.

68.     Rather, upon information and belief, when prospective clients call Defendant FHA to inquire about Plaintiff's services, Defendant FHA has directed, and continues to direct, those clients to treatment centers other than Plaintiff.

69.     Defendant FHA's acts of misleading consumers are not unique to Minnesota. Rather, Defendant FHA has used Plaintiff's name and marks to target consumers in other states, as well, through other subpages at www.drugrehab.org, including for example, webpages regarding Plaintiff's treatment centers in New York, Illinois, and Oregon, as shown in the true and correct webpage printouts attached as **Exhibit N**.

70.     On or around April 28, 2018, a person who was looking for substance use disorder treatment options, and was attempting  to search for Hazelden, navigated on a mobile device to Defendant FHA's webpage www.drugrehab.org/the-best-drug-rehabs/10-best-drug-rehab-centers-in-minnesota as shown in **Exhibit F**.

71.     This person was misled by Defendant's webpage to contact one of Defendant FHA's phone numbers for "Hazelden" as displayed in **Exhibit F**, rather than actually contacting Plaintiff.

72.     On information and belief, after this person's call to Defendant FHA, the person was not directed to Plaintiff, but was instead referred by Defendant FHA to another treatment center, Swift River, located hundreds of miles away in Massachusetts.

73.     In a follow-up email to this person, from an employee of Defendant FHA with the email address fmatthews@addictioncampus.com, an incentive to attend Swift

River was offered, consisting of a monetary "scholarship" for the full amount of the client's health insurance deductible.

74.     On information and belief, Swift River, located in Massachusetts, is one of the four treatment centers owned by and/or affiliated with Defendant FHA, as shown on Defendant FHA's website www.addictioncampus.com.  *See* **Exhibit A**.

### C.     DRUG-REHAB-HEADQUARTERS.COM

75.     Defendants Addiction Enders and Cooke's website, www.drug-rehab-headquarters.com, purports to be an "online drug rehab directory" intended to "educate about drug and alcohol addiction treatment centers," with a mission of "placing addicts in appropriate alcohol and drug rehab centers." (**Exhibit J**.)

76.     On Defendants Addiction Enders and Cooke's webpage shown in **Exhibit K** (excerpt reproduced below), Plaintiff's name, "Hazelden Betty Ford Foundation," is displayed immediately above the phone number 1-866-720-3784, which is prominently placed in the center of the page in large font.



77.     On Defendants Addiction Enders and Cooke's webpages shown in **Exhibit J-K**, the same phone number, 866-720-3784 appears in large text at the top-right corner of each page, next to the phrase "TOLL FREE ASSESSMENT."

78.     The phone number displayed at www.drug-rehab-headquarters.com, 866-720-3784, does not connect with Plaintiff, nor is such number affiliated in any way whatsoever with Plaintiff.

79.     Instead, on information and belief, Defendants Addiction Enders and/or Cooke owns, operates, controls, supervises and/or administers the phone number 866-720-3784, and employs or contracts with the persons who receive calls at such numbers.

80.     Plaintiff is not aware of any referrals that Plaintiff has ever received from Defendants Addiction Enders and Cooke, or from the website www.drug-rehab-headquarters.com.

81.     Rather, upon information and belief, when prospective clients call Defendants Addiction Enders and Cooke to inquire about Plaintiff's services, Defendants Addiction Enders and Cooke have directed, and continue to direct, those clients to treatment centers other than Plaintiff.

82.     Defendants Addiction Enders and/or Cooke's acts of misleading consumers are not unique to Minnesota. Rather, they used Plaintiff's name and marks to target consumers in other states, as well, through similar subpages at www.drug-rehab-headquarters.com, including for example, webpages targeting Plaintiff's treatment centers in New York, Illinois, Oregon, Florida, and California, as shown in the true and correct webpage printouts attached as **Exhibit O**.

## CAUSES OF ACTION

Plaintiff alleges each of the following causes of action against all Defendants:

### Count 1: False Advertising (Federal)
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B))

83.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

84.     Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org and the content therein constitute commercial advertising or promotion of Defendants' and/or Plaintiff's services, namely providing referrals, admissions, advice, and information related to addiction treatment centers.

85.     Defendants' advertising or promotion on their websites www.drug-rehab-headquarters.com and www.drugrehab.org contain materially misleading representations, which misrepresent the means of contacting and obtaining Plaintiff's substance use disorder treatment services.

86.     Defendants' representations on www.drug-rehab-headquarters.com and www.drugrehab.org include uses of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN mark, appearing in close proximity to prominently placed phone numbers, with invitations to call for a "free assessment" (**Exhibits K, O**); or to talk with a "treatment specialist" or "admissions representative" (**Exhibits D-F, N**), which directly and materially misrepresents that such phone numbers connect directly with, are affiliated with, or enable referral or admission to, Hazelden.

87.     Defendants' aforementioned representations are literally false, or at least misleading, because the prominently placed phone numbers, next to the name Hazelden Betty Ford Foundation and the HAZELDEN mark, are not connected or affiliated with Plaintiff, nor do such phone numbers allow referral or admission to Hazelden.

88.     Defendants' representations are likely to mislead and deceive Minnesota consumers to believe such phone numbers were for the purpose of obtaining Plaintiff's services, and were connected to or affiliated with Plaintiff, when on information and belief, such phone numbers are actually operated or controlled by Defendants to divert consumers to Defendants' addiction treatment centers.

### Count 2: Trademark Infringement of a Registered Mark (Federal) (Lanham Act § 32, 15 U.S.C. § 1114(1))

89.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

90.     Plaintiff is the owner of U.S. Registration No. 3497294 for the stylized mark HAZELDEN®, which has been used for over a decade for various goods and services, including chemical dependency and addiction treatment, rehabilitation, medical services, research services, educational services, and literature and self-help materials. *See* **Exhibit L.**

91.     Plaintiff's U.S. Registration No. 3497294 for the stylized mark HAZELDEN® is incontestable pursuant 15 U.S.C. § 1115(b), and therefore the registration is conclusive evidence of the validity of the registered mark HAZELDEN®,

conclusive evidence of Plaintiff's ownership of that mark, and conclusive evidence of Plaintiff's exclusive right to use that mark in commerce.  *See* **Exhibit L.**

92.    On information and belief, Plaintiff has priority over Defendants to use the mark "HAZELDEN" for goods and services related to chemical dependency and addiction treatment, rehabilitation, medical services, research services, educational services, and literature and self-help materials.

93.    Defendants' services, namely providing referrals, admissions, advice, and information related to addiction treatment centers, are competitive, highly related or identical to Plaintiff's services under the HAZELDEN® mark.

94.    Defendants' uses of the term "HAZELDEN" on Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org are not authorized by Plaintiff.

95.    The consumers of Plaintiff's and Defendants' services are not sophisticated purchasers who exercise a high degree of purchasing care—rather, the typical consumers are vulnerable and desperately seeking help for substance use disorders or addictions, and are often unable to exercise a prolonged purchasing decision process due to the nature of their condition and/or the urgent, life-threatening need for treatment or advice.

96.    Defendants' unauthorized uses of "HAZELDEN," which is nearly identical to Plaintiff's registered HAZELDEN® mark, in connection with related services, namely providing referrals, admissions, advice, and information related to addiction treatment centers, is likely to cause confusion, mistake, or deception as to the affiliation,

connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities with those of Plaintiff.

97.    Defendants' infringement of Plaintiff's HAZELDEN® mark has caused, and will continue to cause Plaintiff to suffer immediate and irreparable harm unless enjoined according to 15 U.S.C. § 1116.

98.    On information and belief, Defendants have profited from their infringement of Plaintiff's HAZELDEN® mark, and Plaintiff has suffered monetary harm in an amount to be determined at trial, warranting an award of costs, damages, treble damages, and attorney's fees according to 15 U.S.C. § 1117(a).

## Count 3: Unfair Competition/Trademark Infringement (Federal) (Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A))

99.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

100.    Plaintiff has used the term "HAZELDEN" as a trademark and service mark for goods and services related to chemical dependency and addiction treatment, rehabilitation, medical services, research services, educational and informational services, treatment advice, admission and referral to treatment centers, and literature and self-help materials, since at least as early as the 1960s.

101.    Plaintiff has also used the name "Hazelden Betty Ford Foundation" for the aforementioned goods and services since at least as early as the year 2014.

102.    On information and belief, Plaintiff has priority over Defendants to use the name Hazelden Betty Ford Foundation and the mark "HAZELDEN."

103.   Defendants' services, namely providing referrals, admissions, advice, and information related to addiction treatment centers, are competitive, highly related or identical to Plaintiff's services under the name Hazelden Betty Ford Foundation and the mark "HAZELDEN."

104.   Defendants' uses of the name "Hazelden Betty Ford Foundation," and the nearly identical uses of the HAZELDEN mark on Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org, are not authorized by Plaintiff.

105.   Defendants' unauthorized uses of the name "Hazelden Betty Ford Foundation," and the HAZELDEN mark, in connection with related services, namely, providing referrals, admissions, advice, and information related to addiction treatment centers, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities with those of Plaintiff.

106.   Defendants' unauthorized uses of the name "Hazelden Betty Ford Foundation" and the mark HAZELDEN has caused, and will continue to cause Plaintiff to suffer immediate and irreparable harm unless enjoined according to 15 U.S.C. § 1116.

107.   On information and belief, Defendants have profited from their trademark infringement and unfair competition, through the unauthorized use of the name "Hazelden Betty Ford Foundation" and the mark HAZELDEN, and Plaintiff has suffered monetary harm in an amount to be determined at trial, warranting an award of costs, damages, treble damages, and attorney's fees according to 15 U.S.C. § 1117(a).

**<u>Count 4: False Advertising (Minnesota)</u>**
**<u>(False Statement in Advertisement Act, Minn. Stat. §§ 325F.67, 8.31, subd. 3a)</u>**

108.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

109.    Defendants publish and disseminate through Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org, advertisements of Defendants' services, with the intent to sell those services to the public, namely providing referrals, admissions, treatment advice, and information for addiction treatment centers.

110.    Defendants' advertisements through the websites www.drug-rehab-headquarters.com and www.drugrehab.org contain material, deceptive, and misleading representations regarding the means of contacting and obtaining Plaintiff's substance use disorder treatment services, by closely associating the name Hazelden Betty Ford Foundation and the HAZELDEN mark with Defendants' phone numbers.

111.    Defendants' representations on www.drug-rehab-headquarters.com and www.drugrehab.org include uses of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN mark, appearing in close proximity to prominently placed phone numbers, with invitations to call for a "free assessment" (**Exhibits K, O**); or to talk with a "treatment specialist" or "admissions representative" (**Exhibits D-F, N**), which directly and materially misrepresents that such phone numbers connect directly with, are affiliated with, or enable referral or admission to, Hazelden.

112.    Defendants' aforementioned representations are misleading and literally false, because the prominently placed phone numbers, next to the name Hazelden Betty

Ford Foundation and the HAZELDEN mark, are not connected or affiliated with Plaintiff, nor do such phone numbers allow referral or admission to Hazelden.

113.   Defendants' representations are likely to mislead Minnesota consumers to believe such phone numbers were for the purpose of obtaining Plaintiff's services, and were connected to or affiliated with Plaintiff, when on information and belief, such phone numbers are actually operated or controlled by Defendants to divert consumers to Defendants' addiction treatment centers.

114.   This cause of action has a public benefit because Minnesota consumers, especially the vulnerable Minnesotans suffering from life-threatening substance use disorders, benefit from the prevention of Defendants' misleading and deceptive statements to consumers about treatment programs available in Minnesota.

115.   Defendants' misleading and deceptive statements constitute false advertising, which has caused, and will continue to likely cause, Plaintiff to suffer immediate and irreparable unless enjoined, warranting injunctive relief according to Minn. Stat. §§ 325F.67, and 8.31, subd. 3a.

116.   On information and belief, Defendants have profited from their false advertising, and Plaintiff has suffered monetary harm in an amount to be determined at trial, warranting an award of damages, in addition to costs and attorney's fees under Minn. Stat. § 8.31, subd. 3a.

## Count 5: Violation of Prevention of Consumer Fraud Act (Minnesota)
### (Minn. Stat. §§ 325F.68-.70, 8.31, subd. 3a)

117.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

118.    On information and belief, Defendants made misleading, misrepresentative, and deceptive uses of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN® mark, on Defendants' websites to target prospective Minnesota consumers of substance use disorder treatment centers including Hazelden, with the intent that such consumers relied thereon.

119.    Defendants' unauthorized, misleading, and deceptive uses of Plaintiff's name and mark is likely to cause deception as to an affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services.

120.    The use of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN mark on Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org, appearing in close proximity to prominently placed phone numbers, with invitations to call for a "free assessment" (**Exhibits K, O**); or to talk with a "treatment specialist" or "admissions representative" (**Exhibits D-F, N**), deceptively and misleadingly represent that such phone numbers connect directly with, are affiliated with, or enable referral or admission to, Hazelden.

121.    Defendants' aforementioned representations are deceptive and misleading because the prominently placed phone numbers, next to the name Hazelden Betty Ford

24

Foundation and the HAZELDEN mark, are not connected or affiliated with Plaintiff, nor do such phone numbers allow referral or admission to Hazelden.

122.   Defendants' conduct and statements on Defendants' websites constitute misrepresentations, misleading statements, and/or deceptive practices, with the intent that others would rely thereon in connection with the sale of a service, in violation of Minn. Stat. § 325F.69, subd. 1.

123.   This cause of action has a public benefit because Minnesota consumers, especially the vulnerable Minnesotans suffering from life-threatening substance use disorders, benefit from the prevention of Defendants' misrepresentations, misleading statements, and deceptive trade practices to consumers about treatment programs available in Minnesota.

124.   Defendants' misleading, misrepresentative, and deceptive statements and practices in violation of the Consumer Fraud Act have caused, and will continue to likely cause, Plaintiff to suffer immediate and irreparable unless enjoined, warranting injunctive relief according to Minn. Stat. §§ 325F.69, subd. 1, and 8.31, subd. 3a.

125.   On information and belief, Defendants have profited from their unlawful conduct, and Plaintiff has suffered monetary harm in an amount to be determined at trial, warranting an award of damages, in addition to costs and attorney's fees under Minn. Stat. § 8.31, subd. 3a.

## Count 6: Deceptive Trade Practices (Minnesota)
## (Deceptive Trade Practices Act, Minn. Stat. § 325D.45)

126.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

127.    Defendants' unauthorized and misleading use of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN mark, in connection with providing referrals, admissions, advice, and information related to addiction treatment centers, is likely to cause deception as to the affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services.

128.    The use of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN mark on Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org, appearing in close proximity to prominently placed phone numbers, with invitations to call for a "free assessment" (**Exhibits K, O**); or to talk with a "treatment specialist" or "admissions representative" (**Exhibits D-F, N**), which deceptively represents that such phone numbers connect directly with, are affiliated with, or enable referral or admission to, Hazelden.

129.    Defendants' aforementioned representations are deceptive because the prominently placed phone numbers, next to the name Hazelden Betty Ford Foundation and the HAZELDEN mark, are not connected or affiliated with Plaintiff, nor do such phone numbers allow referral or admission to Hazelden.

130.    Defendants' conduct and statements on Defendants' websites constitute deceptive trade  practices in violation of Minn. Stat. § 325D.45, subd. 1.

131.   This cause of action has a public benefit because Minnesota consumers, especially the vulnerable Minnesotans suffering from life-threatening substance use disorders, benefit from the prevention of Defendants' deceptive trade practices that mislead consumers about treatment programs in Minnesota.

132.   Defendants' deceptive trade practices have caused, and will continue to likely cause, Plaintiff to suffer immediate and irreparable unless enjoined, which warrants injunctive relief under Minn. Stat. § 325D.45, subd. 1.

133.   On information and belief, Defendants have profited from their deceptive trade practices, and Plaintiff has suffered monetary harm in an amount to be determined at trial, warranting an award of damages, in addition to costs and attorney's fees under Minn. Stat. § 325D.45, subd. 2.

134.   Plaintiff is entitled to these injunctive and monetary remedies cumulatively, in addition to the relief that may be awarded for the same conduct under other statues alleged herein, according to Minn. Stat. § 325D.45, subd. 3.

### Count 7: Common Law Trademark Infringement (Minnesota)

135.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

136.   Defendants' unauthorized use of Plaintiff's name Hazelden Betty Ford Foundation and the HAZELDEN mark, in connection with offering and advertisement of referrals, admissions, advice, and information related to addiction treatment centers, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants'

services or commercial activities with those of Plaintiff, and therefore constitutes trademark infringement under Minnesota common law.

137.    Defendants' trademark infringement has caused, and will continue to likely cause, Plaintiff to suffer immediate and irreparable unless enjoined.

138.    On information and belief, Defendants have profited from their trademark infringement, and Plaintiff has suffered monetary damage in an amount presently unknown, but in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

1.      In favor of Plaintiff and against Defendants on all of Plaintiff's claims;

2.      Ordering  and requiring Defendants to immediately remove from public view all content on Defendants' websites www.drug-rehab-headquarters.com and www.drugrehab.org that refers to Plaintiff or Plaintiff's services, or uses Plaintiff's name "Hazelden Betty Ford Foundation," or uses Plaintiff's "HAZELDEN" mark.

3.      Enjoining and restraining Defendants, their officers, agents, employees, representatives, attorneys and all others in active concert or participation with Defendants, during the pendency of this action, and thereafter permanently from:

   a.   Using the mark "HAZELDEN" or the name "Hazelden Betty Ford Foundation," or any confusingly similar designation alone or in combination with other words or designs, as a trademark, service mark, trade name component or to otherwise market, advertise, or identify products or services not offered or authorized by Plaintiff;

   b.   Committing any other act that infringes Plaintiff's rights to its HAZELDEN mark and "Hazelden Betty Ford Foundation" name, or constitutes any act

of trademark or service mark infringement or trademark dilution, or unfair competition under federal common law or Minnesota state law; and

c. Committing any act of false advertising, deceptive trade practices, and consumer fraud under Minnesota and federal law in the course of Defendants' referrals, admissions, advice, information, and directory services related to addiction treatment centers.

4. Requiring Defendants to account for and pay over to Plaintiff its costs and damages pursuant to 15 U.S.C. § 1117(a), including a trebling of Defendants' profits from Defendants' unauthorized use of Plaintiff's name and HAZELDEN mark;

5. Declaring this case exceptional pursuant to 15 U.S.C. § 1117(a);

6. Requiring Defendants to pay Plaintiff all reasonable attorneys' fees incurred and awardable pursuant to 15 U.S.C. § 1117(a) based on the exceptional nature of this case;

7. Requiring Defendants to pay Plaintiff its damages, costs, and attorney's fees according to Minn. Stat. §§ 325F.67, 325F.68-.70, 325D.45, subd. 2-3, Minn. Stat § 8.31, subd. 3a, and Minnesota common law.

8. Requiring Defendants to pay Plaintiff pre-judgment interest, pursuant to Minn. Stat. §§ 549.09(b), (c)(2), accruing from commencement date of Plaintiff's claims against Defendants at the legal rate of 10% per annum;

9. Requiring Defendants to pay Plaintiff post-judgment interest, pursuant to Minn. Stat. §§ 549.09(a), (c)(2), at the legal rate of 10% per annum from the date of entry of judgment until paid in full; and

10. Awarding Plaintiff such other or further relief as the Court may deem just and equitable.

# JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  August 14, 2018                          WINTHROP & WEINSTINE, P.A.


                                                  By:  *s/Tucker A. Chambers*
                                                       Gerald H. Fornwald, #345647
                                                       Bradley J. Walz, #339891
                                                       Tucker A. Chambers, #0396416

                                                       225 South Sixth Street
                                                       3500 Capella Tower
                                                       Minneapolis, Minnesota 55402
                                                       (612) 604-6400
                                                       gfornwald@winthrop.com
                                                       bwalz@winthrop.com
                                                       tchambers@winthrop.com

                                                       *Attorneys for Plaintiff*


15626651v5